UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT CITIZENS DEFENSE LEAGUE, INC., AMY JONES, TODD SKILTON, JOHN LOWMAN, JOSEPH COLL, TANYSHA BROWN AND DANIEL GERVAIS<br><br>Plaintiffs,<br><br>v.<br><br>NED LAMONT, JAMES ROVELLA, PAUL MELANSON, ANDREW COTA, BRIAN GOULD AND JAMES KENNY<br><br>Defendants | CIV. NO. 3:20-cv-00646 (JAM)<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT LAMONT AND ROVELLA'S SUR-REPLY**<br><br>MAY 27, 2020 |

Pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 7(d), the Plaintiffs respectfully move this Court to strike "Defendant Lamonts' and Rovella's, Supplemental Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction" Doc. # 47, dated May 27, 2020. For the reasons set forth herein, the Defendant Lamont's and Rovella's untimely and unpermitted sur-reply should be stricken and not reviewed by the Court as part of its consideration of the Plaintiffs' Emergency Motion for Temporary Restraining Order, or in the Alternative, Issuance of a Preliminary Injunction.

**I.     Defendants Failed to Seek Leave or Show Good Cause to File Sur-Reply**

Pursuant to Local Rule 7(d), "[n]o sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause." L.Civ. R. 7(d). The Plaintiffs' Motion for Emergency Temporary Restraining Order, or, in the Alternative, Issuance of a Preliminary Injunction, Doc. #3, was filed on May 9, 2020. Defendant

1

Lamont's and Commissioner Rovella's Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, Doc. # 36 was filed on May 21, 2020. Plaintiffs' Reply in Support of Plaintiffs' Emergency Motion for Temporary Restraining Order, or in the Alternative, Issuance of a Preliminary Injunction, Doc. # 46 was filed on May 26, 2020.  Once the Plaintiffs' reply brief was filed, any subsequent briefing by any of the Defendants on the Plaintiffs' motion is a "sur-reply."

Local Rule 7(d) allows the Court to exercise its discretion to grant a party permission to file a sur-reply only "upon a showing of good cause." Because Defendant Lamont and Rovella neither sought nor received permission from the Court to file a sur-reply, and because they did not even attempt to establish a showing of good cause, the Defendant Lamont's and Rovella's sur-reply is not permitted and should be stricken.

## II. Defendants Violated the Parties' Briefing Schedule Agreement

In violation of the agreement between counsel for the Plaintiffs and counsel for Defendant Lamont and Rovella, counsel for Defendant Lamont and Rovella has now filed a sur-reply which improperly extends the briefing on the Plaintiffs motion for preliminary relief beyond anything anticipated in the agreement. On May 11, 2020, the Court ordered the Defendants to respond to the Plaintiff's Motion by May 18, 2020, with response by Plaintiff's by May 21, 2020. On May 12, 2020, Attorney Varunes contacted Attorney Fishbein to inform him that she and Attorney Beizer would be representing Defendant Lamont and Rovella, at which time she requested that the Plaintiffs agree that Defendant Lamont and Rovella would have until May 21, 2020 to file their opposition brief.  On behalf of the Plaintiffs, Attorney Fishbein agreed to Attorney Varunes's request, contingent upon Defendant Lamont and Rovella agreeing that the Plaintiffs' reply brief deadline would be extended to May 26, 2020. Attorney Varunes agreed.

On May 12, 2020, Attorney Varunes filed her Motion to Extend Time (Doc. # 16) relative to the Defendant Lamont's and Rovella's opposition brief, omitting any mention of the agreement to extend the Plaintiff's reply brief deadline. Plaintiffs were therefore forced to file their own Motion to Extend Time (Doc. # 18). Both motions were granted by the Court on May 14, 2020. (Doc. # 20).   When negotiating with Plaintiff's counsel to amend the Court's scheduling order, counsel for Defendant Lamont and Rovella never revealed that they were going to raise entirely new issues and assert new facts in a sur-reply leaving the Plaintiffs only two business days before the hearing on Plaintiffs' motion. Defendant Lamont's and Rovella's sur-reply seeks to take unfair advantage of the clock and the Plaintiffs' counsel's generosity. The sur-reply should be stricken.

**A.**     **Defendants Failed to Confine Discussion to Matters Raised by Plaintiff's Brief**

Pursuant to Local Rule 7(d), "[A] reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies." Defendant Lamont's and Rovella's sur-reply is not even loosely "confined to a discussion of matters raised by the memorandum to which it replies." L.Civ. R. 7(d). In fact, Defendant Lamont and Rovella seek to litigate this case by ambush by asserting entirely new facts and arguments in their sur-reply which were not previously briefed by the Plaintiffs or Defendant Lamont and Rovella. And since the sur-reply has no bearing on the substance of the Plaintiffs' Reply Brief, as it must, it also does not "contain references to the pages of, the memorandum to which it replies." L.Civ. R. 7(d). Nothing in the Federal Rules or Local Rules allows Defendant Lamont and Rovella to file this sur-reply as they did. As such, it should be stricken.

### III. Defendants Raise New Issues Previously Known to Them

Pursuant to a May 12, 2020 agreement between counsel for the Plaintiffs and counsel for Defendant Lamont and Rovella (see above), Defendant Lamont and Rovella filed their Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, Doc. # 36 on May 21, 2020. At that time, all of the facts alleged in their new sur-reply were known to them. In fact, all of the facts upon which Defendants Lamont and Rovella rely in their May 27, 2020 sur-reply are contained in affidavits dated May 20, 2020 and May 21, 2020 respectively. Both affidavits were even attached to their opposition brief. Except to try to gain unfair tactical litigation advantage, there is simply no good reason for Defendants Lamont and Rovella not to have included the facts and arguments of their sur-reply in their opposition brief so as to allow the Plaintiffs' to timely respond in their Reply brief.

Raising these issues now, after the Plaintiffs have reached temporary agreements with all of the other Defendants to avoid the need for preliminary relief against them, is an obvious tactical move to put the Plaintiffs back on their heels and make their counsel waste valuable time leading up to the June 1, 2020 hearing when counsel would otherwise be preparing for the hearing. Defendant Lamont's and Rovella's sur-reply should be stricken.

### IV. Defendants Rely on Old Affidavits for their Speculative Factual Assertions of Events Supposedly Occurring After the Affidavits were Signed

Defendant Lamont's and Rovella's sur-reply makes factual representations that certain events have occurred based solely on old affidavits asserting that the affiants plan or expect that such events will occur in the future. Defendant Lamont and Rovella assert that DESPP <u>is now</u> fingerprinting applicants for firearms permits as of May 26, 2020 (Sur-Reply at 2) based entirely on Defendant Rovella's May 21, 2020 affidavit claiming that DESPP "will do so" in the future. Id.; see also Rovella Affidavit, para. 22, 29. Defendants Lamont and Rovella have filed no

4

contemporaneous affidavit with their sur-reply attesting that the alleged events have, in fact, occurred. Upon information and belief, DESPP is <u>not</u> in fact complying with the anticipated procedures set forth in Defendant Rovella's May 21, 2020 affidavit. The Court should not allow Defendant Lamont and Rovella to ambush the Plaintiffs with such factually-unsupported, deceptive and strategically-timed filing. Defendant Lamont's and Rovella's sur-reply should be stricken.

## V.  Conclusion

For these reasons, the Court should strike, and not consider, defendant Lamont's and Rovella's sur-reply, styled as "Defendant Lamonts' and Rovella's, Supplemental Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction" Doc. # 47, dated May 27, 2020.

Dated: MAY 27, 2020          Respectfully submitted,

    */s/Craig C. Fishbein*
Craig C. Fishbein, Esq.
(ct25142)
FISHBEIN LAW FIRM, LLC
100 South Main Street
P.O. Box 363
Wallingford, Connecticut 06492
Telephone: 203.265.2895
E-mail: ccf@fishbeinlaw.com

    */s/Doug Dubitsky*
Doug Dubitsky, Esq.
(ct21558)
LAW OFFICES OF DOUG DUBITSKY
P.O. Box 70
North Windham, CT 06256
Telephone: 860.808-8601
Facsimile: 866.477.1120
Email: doug@lawyer.com

Attorneys for the Plaintiffs

**CERTIFICATION**

   I hereby certify that on May 27, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

            */s/Craig C. Fishbein*
            Craig C. Fishbein, Esq.
            (ct25142)
            FISHBEIN LAW FIRM, LLC
            100 South Main Street
            P.O. Box 363
            Wallingford, Connecticut 06492
            Telephone: 203.265.2895
            Facsimile: 203.294.1396
            E-mail: ccf@fishbeinlaw.com