UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT CITIZENS DEFENSE LEAGUE, INC., AMY JONES, TODD SKILTON, JOHN LOWMAN, JOSEPH COLL, TANYSHA BROWN AND DANIEL GERVAIS<br><br>    Plaintiffs,<br><br>v.<br><br>NED LAMONT, JAMES ROVELLA, PAUL MELANSON, ANDREW COTA, BRIAN GOULD AND JAMES KENNY<br><br>    Defendants | CIV. NO. 3:20-cv-00646 (JAM)<br><br>**REPLY TO DEFENDANT LAMONT AND ROVELLA'S SUPPLEMENTAL OPPOSITION**<br><br>MAY 28, 2020 |

**A.      DEFENDANTS' ACTIONS HAVE NOT MOOTED THIS CASE**

The Defendants voluntarily choosing to restart the application process – with no demonstrable change in law – does not moot the Plaintiffs' motion since the Defendants cannot meet their heavy burden to show the constitutional violations will not be reinstated if the Defendants change their minds. As the Supreme Court has long recognized:

> It is well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite* [*v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)]. "[I]f it did, the courts would be compelled to leave '[t]he defendant . . . free to return to his old ways.'" *Id.*, at 289, n. 10 (citing *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953)). In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Assn., Inc.*, 393 U.S. 199, 203 (1968). The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. *Ibid.*

1

*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000).

Nothing either of the Defendants have said or done to date limits them in any way from saying or doing the exact opposite tomorrow. Through Defendant Lamont's ever-changing Executive Orders, he, and he alone, is making all law and public policy for 3.5 million Connecticut residents. His current virtually plenary power to do so extends at least through September 9, 2020 [C.G.S. § 19a-131a(a)] and can be extended in six-month increments indefinitely. C.G.S. § 19a-131a(b)(2). Defendant Rovella is formulating procedures regarding the issuance of firearm permits based on Defendant Lamont's Executive Orders. Rovella Affidavit, para. 20-21.

The Defendants rely on the "Governor's Phase 1 reopening on May 20, 2020" for their assertion that the Defendants have voluntarily ceased their unconstitutional practices. Def. Supp. Opp. at 1, 2 & 3. But that so-called "plan" is not law. It is not a duly enacted statute. It is not even firmly established policy. It is a constantly moving target of Defendant Lamont's own hopes and guesses. In fact, as it relates to the challenged conduct, the Defendants have not established that such "plan" is even written down anywhere.

There appear to be no effective legal barriers or constitutional constraints to Defendant Lamont's ability to change his "plan" without notice. This was brought to stark light by his recent unilateral reversal of his prior unilateral order allowing hair salons and barber shops to reopen for business on May 20, 2020.[1] Just two days before their long-planned reopening, Defendant Lamont changed his mind, and prohibited thousands of hair salons and barber shops from opening until sometime in June, or perhaps whenever he and he alone later decides after

---

[1] https://portal.ct.gov/Office-of-the-Governor/News/Press-Releases/2020/05-2020/Governor-Lamont-and-Governor-Raimondo-to-Align-Hair-Salon-and-Barber-Shop-Reopenings-in-Early-June

another change of mind. See *Christian Legal Society Chapter of University of California v. Martinez*, 561 U.S. 661, 723 n.3 (2010) (Alito, dissenting) ("Particularly in light of [defendant's] practice of changing its announced policies, these requests are not moot."). The rapidly shifting sands under one man's feet cannot possibly sustain the Defendant's "heavy burden" of showing that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 189. "This is both a stringent and a formidable burden." Mhany Management, Inc. v. County of Nassau, 819 F.3d 581, 604 (2nd Cir. 2016).

It is the Defendants' burden to establish mootness, not, as the Defendants appear to argue, the Plaintiff's burden to show this is an "exceptional situation." Def. Supp. Opp. at 3.[2] "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden, of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Mhany Management, Inc. v*, 819 F.3d at 604 (quoting *Laidlaw*, 528 U.S. at 189). "'[A] case is not easily mooted where the government is otherwise unconstrained should it later desire to reenact the [offending] provision.'" *Coral Constr. Co. v. King County*, 941 F.2d 910, 928 (9th Cir. 1991)). Otherwise, "the courts would be compelled to leave [t]he defendant … free to return to his old ways." *Id.* (internal quotations omitted). See also, *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953) ("voluntary cessation of allegedly illegal conduct does not deprive the

---

[2] The Defendants direct the Court down a dark alley by raising and then dismissing the related exception to the mootness doctrine for a controversy that is "capable of repetition, yet evading review.'" Def. Supp. Opp. at 3.(citing *Knaust v. City of Kingston*, 157 F.3d 86, 88 (2dCir. 1998). "That exception applies 'only in exceptional situations,' where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Technologies, Inc. v. United States*, 136 S.Ct. 1969, __ U.S. __, 195 L.Ed.2d 334, 84 U.S.L.W. 4416 (2016); *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). While that exception may well apply here, it is not the most applicable exception.

tribunal of power to hear and determine the case" where defendant "is free to return to his old ways").

As any Connecticut hair dresser or barber will tell you, Defendant Lamont can, and does, simply change his mind and reverse previously announced policies at will. Based on such unilateral orders, Defendant Rovella and every local Police Chief in Connecticut, are free to follow suit. Despite recent developments, the Defendants cannot show that they will not again stop taking fingerprints or processing firearms permits. This controversy is live, not moot.

## II. **CONCLUSION**

For the foregoing reasons, this case is not moot. Therefore, as requested in the Plaintiff's Motion for Emergency Temporary Restraining Order, or, in the Alternative, Issuance of a Preliminary Injunction, and their Reply in support of same, the Court should grant the Plaintiffs the preliminary relief for which they pray.

Dated: MAY 28, 2020      Respectfully submitted,

       */s/Craig C. Fishbein*
Craig C. Fishbein, Esq.
(ct25142)
FISHBEIN LAW FIRM, LLC
100 South Main Street
P.O. Box 363
Wallingford, Connecticut 06492
Telephone: 203.265.2895
E-mail: ccf@fishbeinlaw.com

       */s/Doug Dubitsky*
Doug Dubitsky, Esq.
(ct21558)
LAW OFFICES OF DOUG DUBITSKY
P.O. Box 70
North Windham, CT 06256
Telephone: 860.808-8601
Email: doug@lawyer.com
Attorneys for the Plaintiffs

4

**<u>CERTIFICATION</u>**

  I hereby certify that on May 28, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

            */s/Craig C. Fishbein*
            Craig C. Fishbein, Esq.
            (ct25142)
            FISHBEIN LAW FIRM, LLC
            100 South Main Street
            P.O. Box 363
            Wallingford, Connecticut 06492
            Telephone: 203.265.2895
            Facsimile: 203.294.1396
            E-mail: ccf@fishbeinlaw.com